Pierre v. Garland

BIA
A059 579 627

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

STANLEY PIERRE,
> *Petitioner,*

v.                                                          **24-355**
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Craig Relles, Relles Law, PLLC, White Plains, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Anna Juarez, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is remanded to the BIA.

Petitioner Stanley Pierre, a native and citizen of Haiti, seeks review of a January 18, 2024, decision of the BIA denying his motion to reopen to apply for protection under the Convention Against Torture ("CAT"). *In re Stanley Pierre*, No. A059 579 627 (B.I.A. Jan. 18, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and review country conditions determinations for substantial evidence, *Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

It is undisputed that Pierre's August 2023 motion to reopen was untimely, filed more than 90 days after his removal order became final in September 2022.

2

*See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline); 8 C.F.R. § 1003.2(c)(2) (same). There is an exception to the time limit, however, if the motion is filed to apply for relief "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)).

"While the BIA must consider [country conditions evidence], it may do so in summary fashion without a reviewing court presuming that it has abused its discretion," and is not required to "expressly parse or refute on the record each individual . . . piece of evidence offered by the petitioner" so long as it has "has given reasoned consideration to the petition, and made adequate findings." *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quotation marks omitted). However, "[d]espite our generally deferential review of . . . BIA opinions, we

require a certain minimum level of analysis from the . . . BIA . . . if judicial review is to be meaningful." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). "[W]e cannot assume that the BIA considered factors that it failed to mention in its decision." *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir. 1992) (quotation marks omitted).

The BIA did not sufficiently explain its conclusion that Pierre failed to establish a material change in conditions in Haiti or state a prima facie CAT claim. The BIA concluded that Pierre had "not persuasively explained how the newly proffered evidence constitutes materially changed conditions arising in Haiti that affect his individual claim for CAT protection." Based on Pierre's original evidence, the IJ found that deportees were being detained for "at least hours" for police "to obtain information on the deportee for continued monitoring, and thus concluded that "[b]rief detention upon arrival . . . d[id] not amount to torture." That original evidence reflected that Haiti had stopped routine detention of all deportees, but all criminal deportees were held for at least a few hours and some "for weeks" to obtain sufficient information to monitor them.

With his motion to reopen, Pierre presented evidence that the Haitian government had begun detaining criminal deportees indefinitely and extorting

4

their family members and friends to secure their release, and he asserted that detainees were being tortured while detained. He attached multiple news articles from 2022 about instances of Haitians being deported from the United States and immediately imprisoned, with police sometimes demanding payments from their families to secure their release.

In denying Pierre's motion, the BIA concluded that the evidence he originally submitted before the IJ "similarly reflect[ed] increasingly poor conditions in Haitian prisons." The BIA therefore found that the new evidence showed only "a continuation of the same" conditions in Haiti or changes that were not material to Pierre's CAT claim. The record supports the BIA's conclusion that the new evidence reflects similarly deplorable conditions of confinement as at the time of his hearing, and that those conditions were a result of a lack of resources rather than an intent to torture. *See Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007) ("The failure to maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted . . . intentionally rather than as a result of poverty, neglect, or incompetence.").

However, the BIA did not discuss the new evidence of indefinite

5

imprisonment of deportees as compared to the IJ's original finding of just hours of detention, or the extortion of friends and family members of detainees to secure their release. We remand for the BIA to address this evidence in the first instance to determine whether it shows a change in conditions material to Pierre's CAT claim. *See Poradisova*, 420 F.3d at 77. Without some acknowledgement or discussion of Pierre's new evidence about the length of detention and extortion, we cannot determine whether the BIA considered these changes or whether it erred in finding no change material to a CAT claim or in concluding that Pierre had not stated a prima facie claim for CAT relief. Torture includes "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as . . . *intimidating or coercing him or her or a third person* . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (emphasis added). The BIA should address the relevance of Pierre's new evidence to the issue of intent to torture, that is, whether officials are illegally and indefinitely detaining deportees in those conditions in order to coerce their families to pay for their release.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>